IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ] |
| | ] |
| Plaintiffs, | ] |
| v. | ]  CIVIL ACTION NO. 2:07cv342 |
| | ] Case Pending in Eastern District |
| JOHN CROCKETT HENRY, | ] of Virginia, Norfolk Division |
| a/k/a JOHN CROCKETT HENRY, JR., | ] |
| a/k/a JAMES CROCKETT HENRY, | ] |
| a/k/a J. C. HENRY, | ] |
| AND HENRY LLC OF VIRGINIA BEACH, | ] |
| | ] |
| Defendants. | ] |

**BRIEF IN SUPPORT OF MOTION TO STAY
TESTIMONY AND RESPONSE BY NON- PARTY WILLIAM "BILL" A. WHITE
TO SUBPOENA *AD TESTIFICANDUM* AND SUBPOENA *DUCES TECUM*
ISSUED ON BEHALF OF INTERVENING PLAINTIFF'S**

Non-party, William "Bill" A. White ("White" or "Bill White"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, files this brief in support of his <u>Motion To Stay Testimony And Response By Non- Party William "Bill" A. White To Subpoena *Ad Testificandum* And Subpoena *Duces Tecum*  Issued On Behalf Of Intervening Plaintiff's</u>.

Pending a hearing on White's separately filed motion for a protective order, White seeks to have the Court enter an order to stay

　　i)　　the taking of Bill White's deposition  on March 3, 2008 at

　　　　1:00 p.m., pursuant to a subpoena *ad testificandum*[1], and

---

[1] A <u>Subpoena In A Civil Case</u> was issued to Bill White which has <u>both</u> deposition and production paragraphs marked.

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 1 -

      ii)      the requirement that on March 3, 2008 at 1:00 p.m., Bill White produce documents and things pursuant to a subpoena *duces tecum*[2].

White believes that his deposition and production will disclose personal or otherwise protected/privileged information which will put his family and/or himself in jeopardy of physical harm or other harm and inconvenience unless extra precautions are taken with the information sought by subpoena's. Also, there appears to be an unresolved issue related to an Objection filed by White. Some urgency exists.

## **I. INTRODUCTION**

This case stems from fair housing complaints filed by the government against the Defendants. The dispute principally surrounds claims of fair housing violations but also includes other state and federal claims. Certain private persons who were allegedly subject to the alleged violations or otherwise allegedly harmed by the Defendants, moved to intervene in the case ("Intervening Plaintiffs").

The A.N.S.W.P., a political organization with which White is principally associated, spoke publicly against the behavior of the tenants and mailed party literature to the neighborhood to express the party view. Apparently on that basis, the Intervening Plaintiff's appear to seek to determine White's relationship with the Defendants. Allegedly to accomplish that, subpoenas were issued to Bill White and others and are the subject of this motion and brief.

---

[2] Reference is made to Footnote 1 and the Subpoena In A Civil Case issued to Bill White which has both deposition and production paragraphs marked.

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 2 -

**Subpoenas**

In relation to the above styled case pending in the Eastern District Of Virginia, counsel for the Intervening Plaintiff's, caused to be issued from this court, certain subpoena's (**Exhibit A**) to the following entities:

a. William "Bill" A. White[3]

b. White Homes and Land, LLC[4]

c. White Politics, LLC[5]

d. American National Socialist Workers' Party, LLC[6] ("ANSWP")

e. National Socialist Movement of Roanoke, LLC[7]

An additional subpoena from the U.S. District Court, Eastern District Of Virginia- Norfolk Division, was issued to Yahoo! Inc. ("YAHOO! subpoena") and was the subject of a hearing there on February 28, 2008 at 9:30 a.m.. Various motions were filed and heard relative to the YAHOO! subpoena.

The first subpoena to Bill White, calls for White's deposition to be taken on March 3, 2008 at 1:00 p.m. and, along with all of the other subpoena's in EXHIBIT A, it calls for documents and things to be produced at that same date and time.

The undersigned anticipates that certain information will be sought and provided in response to the subpoenas identified in EXHIBIT A, ("EXHIBIT A

---

[3] A subpoena was served via fax on 1/30/2008 upon White's counsel and was accepted by agreement.
[4] This subpoena was served ("posted") on 2/8/2008 at 1605 Chapman Avenue, SW, Roanoke, VA 24106.
[5] This subpoena was served ("posted") on 2/8/2008 at 1605 Chapman Avenue, SW, Roanoke, VA 24106.
[6] This subpoena was served ("posted") on 2/8/2008 at 1602 Patterson Avenue, SW, Front Unit, Roanoke, VA 24106.
[7] This subpoena was served ("posted") on 2/8/2008 at 1602 Patterson Avenue, SW, Front Unit, Roanoke, VA 24106.

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 3 -

subpoenas") which will include Bill White's personal information as well as other protected and privileged information.

### Rule Requirements and Compliance

As stated, on or about January 30, 2008, the undersigned accepted service of a subpoena that was issued to Bill White. As noted, other subpoenas were issued to entities associated with Bill White (supra.). On or before fourteen days after service of ALL subpoenas in EXHIBIT A, the undersigned <u>served upon counsel</u> for the Intervening Plaintiff's, an Objection to the subpoenas.[8] The status of the Objection is believed to be still at issue.

White contends that the party issuing the subpoena must file a motion to compel <u>in this Court</u> in order to be entitled to inspect, copy, test, sample the materials, or inspect the documents and things which are the subject of <u>ANY</u> of the EXHIBIT A subpoenas. No Motion To Compel has been filed in this court. However, a Motion To Compel was filed relative to the EXHIBIT A subpoenas in the Eastern District and the Court declined to consider it to the extent that it included subpoenas issued from this court.

The undersigned believes that the resolution of the issues relative to the Objection will materially effect the rights and obligations of Bill White <u>to produce</u> information, further it will materially limit the rights of the persons on whose behalf the subpoena's were issued, <u>to receive</u> documents and things and related information.

---

[8] The Objection also dealt with an additional Subpoena to Yahoo! Inc. In addition to the Objection, a separate Motion To Quash was filed in the U.S. District Court, Eastern District of Virginia- Norfolk Division as to the <u>Subpoena In A Civil Case</u> to Bill White personally and as to the subpoena to Yahoo! Inc. The Motion was amended to leave only the YAHOO! subpoena before the court out of which it issued and to exclude the subpoenas to Bill White which were issued from this Court and subject to enforcement there.

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 4 -

**Motion For A Protective Order**

In response to the subpoenas, White has sought a protective order by filing a separate motion. For the Reasons more fully stated in White's motion for a protective order and related brief, Bill White believes that the information will place he and his family at risk of physical danger and should be properly guarded so that neither his family nor himself, nor any person who is involved in this litigation be placed at risk of various types of danger, physical harm, harassment, and/or material inconvenience.

### II. POSTURE OF THE CASE AND MATERIAL PROCEEDINGS THAT SHOULD BE CONSIDERED

On February 28, 2008 at 9:30 a.m., Magistrate Judge F. Bradford Stillman heard several motions relative to the aforementioned subpoena's and entered orders (**Exhibits B-1 & B-2**) related thereto.

Motions and briefs were filed in support of the respective positions of the Intervening Plaintiffs (**Exhibit C**), Non-party Bill White (**Exhibit D**), and the government (**Exhibit E**).

### III. THERE IS UNCERTAINTY ABOUT WHITE'S OBJECTION DUE TO A RECENT ORDER OUT OF THE EASTERN DISTRICT COURT

As stated, counsel for White served an Objection upon counsel for the Intervening Plaintiff's in response to ALL of the subpoenas that were issued. The Objection was a single document that objected to ALL subpoenas issued out of this Court in the Western District- Roanoke Division as well as the Court in the Eastern District- Norfolk Division. Although the Objection mentioned the YAHOO! Subpoena, it was ultimately dealt with in a separate Amended Motion To Quash.

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 5 -

A Motion To Compel was filed by the Intervening Plaintiffs as to ALL subpoenas issued by the Intervening Plaintiff's and was heard on February 28, 2008 in the Eastern District of Virginia – Norfolk Division.  There, the Court "declined to consider" the enforcement of subpoena's issued out of another court.  That action by the Court was in deference to Rule 45(c)(2)(B)(i) F.R.C.P., which requires that if an Objection is served upon counsel, enforcement must be dealt with by an order of the court by which the subpoena was issued.  Thereafter the Court issued its rulings (supra.).

Footnote 7 of Judge Stillman's order (**B-1**), seems to indicate that the Court believes there is no Objection pending relative to the EXHIBIT A subpoenas.  To the extent that is what the order means, White intends to appeal that part of the order.   White otherwise agrees with the language of the order.

Rule 45(c)(2)(B) F.R.C.P., requires an Objection to be served upon counsel issuing the process.  Such an Objection was served.  Objections to the subpoenas issued from courts in both districts were encompassed on one pleading.  Perhaps the undersigned should have served separate papers on the Intervening Plaintiffs so that it would be more clear that matters outside the Eastern District Court's jurisdiction were explicitly separate.  However, White's motions and briefs are replete with references that make it clear that matters relative to enforcement of subpoenas, outside of the Eastern District, were to withdrawn as issues to be considered in the Eastern District since they were matters over which the Court had no jurisdiction.   The Court in Norfolk declined to hear the Intervening Plaintiff's Motion To Compel relative to those subpoenas

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 6 -

were issued out of this Court.  Such a motion should be filed and heard in the U.S. District Court, Western District of Virginia- Roanoke Division.

The undersigned contends that the Objection that was served upon counsel still stands <u>as to all subpoenas issued out of the U.S. District Court, Western District Of Virginia- Roanoke Division</u>.  The Intervening Plaintiff's are bound by that part of Rule 45 (c)(2)(B)(i) which provides for the serving party to file a motion to compel and Rule 45 (c)(2)(B)(ii) which provides as follows:

*"These acts may be required only as directed in the order."*

The Objection was served and Intervening Plaintiffs are not entiltled to receive documents and things until they as "the party serving the subpoena[s]" file a Motion To Compel in this Court.  There may be some dispute as to the status of the Objection.

## IV.  REQUEST TO STAY PENDING RULING ON MOTIONS

Upon consideration of the 1) safety issues and 2) the potential dispute, and in order to avoid an unintentional violation of the processes of this Court by counsel or by Bill White, the undersigned seeks a stay and a ruling on the related motion for a protective order.  Not only does Bill White wish to comply with the law and to cooperate with the processes of this Court, but White wishes to fully meet any obligation to respond to the lawful processes of this Court issued in the form of the foregoing subpoenas served upon him or others for whom he acts in the capacity of officer, director, manager, or registered agent.

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 7 -

The undersigned counsel wishes to properly assist his client in following the law to comply with his subpoena obligation but, due to the foregoing uncertainty, cannot properly do so at this time without risking an unintentional violation of the process of this Court. Therefore, the undersigned seeks a stay and a ruling on the related motion for a protective order so that all persons involved will know their rights and obligations.

WHEREFORE Bill White asks this Court to stay the enforcement of the subpoenas referenced herein until such time as the Court has adequate opportunity to hear and rule upon his motion for a protective order (Docket__). White moves for an order which stays:

    i)    the taking of Bill White's deposition pending the Court's ruling on White's motion for a protective order; and

    ii)    the requirement to produce documents and things pending resolution of the status of counsel's Objection to ALL subpoenas.

    Respectfully submitted,
    WILLIAM A. WHITE
    By counsel

/s/_____
Harry W. Brown, Esquire VSB#41300
**HARRY W. BROWN, ATTORNEY AT LAW, PC**
125 Kirk Avenue, S.W.
Roanoke, Virginia 24011
(540) 345-0200
Fax: (540)345-4049
E-mail: harry@hblawoffice.roacoxmail.com.
  Counsel for William ("Bill") A. White

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 8 -

## **CERTIFICATE OF SERVICE**

I, the undersigned do hereby certify that on March 3, 2008, the undersigned electronically filed the foregoing pleading styled

BRIEF IN SUPPORT OF MOTION TO STAY
TESTIMONY AND RESPONSE BY NON- PARTY WILLIAM "BILL" A. WHITE
TO SUBPOENA *AD TESTIFICANDUM* AND SUBPOENA *DUCES TECUM*
ISSUED ON BEHALF OF INTERVENING PLAINTIFF'S

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan L. Watt, Esquire, Supervisory Assistant U.S. Attorney at Susan.Watt@usdoj.gov.

Rebecca B. Bond, Esquire, Trail Attorney, U.S. Department of Justice, Civil Rights Division at Rebecca.Bond@usdoj.gov.

Lori K. Wagner, Esquire, Trial Attorney, U.S. Department of Justice, Civil Rights Division at Lori.Wagner@usdoj.gov.

Jason Emmanuel Manning, Esquire, at Jason.manning@troutmansanders.com

Kevin Wayne Mottley, Esquire at Kevin.Mottley@troutmansanders.com

Barry Randolph Koch, Esquire at bkoch@inmsndtrickler.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: n/a

         /s/_____
Harry W. Brown, Esquire VSB#41300
**HARRY W. BROWN, ATTORNEY AT LAW, PC**
125 Kirk Avenue, S.W.
Roanoke, Virginia 24011
Phone: (540) 345-0200
Fax:    (540)345-4049
E-mail: harry@hblawoffice.roacoxmail.com.
        Counsel for William A. White

C:\Documents and Settings\Harry W Brown\My Documents\White Homes & Land, LLC\EDVA matter\Bill White's Motion To Stay_Brief_WD VA.doc

- 9 -